CRAIG W. RICHARDS
ATTORNEY GENERAL

Jennifer A. Currie (Alaska Bar No. 0609056)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5274
Facsimile: (907) 278-7022
Email: jennifer.currie@alaska.gov

Attorney for the State of Alaska
Department of Environmental Conservation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF ENVIRONMENTAL CONSERVATION<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, ALASKA DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES, ALASKA DEPARTMENT OF EDUCATION AND EARLY DEVELOPMENT, KUSPUK SCHOOL DISTRICT, ALASCOM INC., AT&T CORP., EXELIS ASI, INC., AND LOCKHEED MARTIN CORPORATION,<br><br>        Defendants. | Case No. 3:16-cv-00040-JWS<br><br>**MOTION TO ENTER CONSENT DECREE** |

      Plaintiff State of Alaska, Department of Environmental Conservation (ADEC) moves to

enter the Consent Decree previously lodged with the Court on February 9, 2016. *See* Notice of

Lodging, Docket No. 5.[1] Defendants United States of America (United States), Alaska Department of Transportation and Public Facilities (ADOTPF), Alaska Department of Education and Early Development (ADEED), Kuspuk School District (KSD), Alascom, Inc. (Alascom), AT&T Corp., (AT&T), Exelis ASI, Inc. (Exelis) and Lockheed Martin Corporation (Lockheed Martin) have all signed onto the Consent Decree. *See* Consent Decree, Docket No. 5-1. As discussed below, the settlement is fair, reasonable, and consistent with public policy and the objectives of the Comprehensive Environmental Response Compensation and Liability Act (CERCLA) 42 U.S.C. §9601 et seq. Accordingly, ADEC respectfully requests that the Court sign (at page 36) and enter the Consent Decree as a final order of the Court.

## I. BACKGROUND

The White Alice Communication Site (Site) was built on federally owned land between 1955 and 1958 and was officially activated on January 14, 1958. The Aniak WACS facility had generators and other electrical equipment, including large transformers containing polychlorinated biphenyls (PCBs). Trichloroethylene (TCE) was utilized at the Site in various cleaning operations. The Site was owned by the United States and operated by operations and maintenance contractors, predecessors to Alascom, Exelis, and Lockheed Martin, working for the United States.

In 1979, following deactivation and a formal declaration of excess by the United States, the Site was processed by the United States for disposal. The United States entered into a license granting Alaska Department of Education occupancy rights to the Site beginning May 1, 1979, for the stated purpose of converting the Site to a school. Quantities of PCBs in transformers and

---

[1] Although the Notice of Lodging of the Consent Decree states that ADEC agreed to a 30 day public comment period, the parties agreed, prior to that filing, that a comment period was not required. The notation of a 30 day comment period was inadvertently left in the Notice filing.

TCE in containers remained at the Site when DEED received this license. KSD contracted for conversion of the Site to the school in 1979 and 1980. The State of Alaska, acting through DEED, funded the conversion work. Ultimately, in September 1981, the United States executed a release and transfer of the Site to the State of Alaska. The Site is owned by ADOTPF. KSD has continued to operate a school at the Site since 1980.

This Site has been listed on the ADEC Contaminated Sites Database since at least 1983. ADEC alleges that during the ownership and/or operation of the Site by each defendant, PCBs and TCE were released to and/or disposed of in the environment. These discharges contaminated soil and groundwater at the Site in violation of CERCLA and State law. These discharges were not immediately contained and cleaned up as required by CERCLA and State law.

The Defendants listed in Plaintiff's complaint are the only known responsible parties for contamination at the Site. In September 2013, all Defendants participated in two full days of mediation with Judge Elaine Andrews. At that time, the Defendants agreed on an allocation of liability between themselves for PCB contamination and for further investigation of the TCE contamination at the Site. ADEC was not a party to the mediation. The results of the mediation are encompassed in the Consent Decree.

On February 9, 2016, the Plaintiff lodged this proposed Consent Decree with the Court (Docket No. 5) at the same time it filed a Complaint against Defendants seeking: (a) cost recovery under both CERCLA 42 U.S.C. §9607 and Alaska's mini-CERCLA statute AS 46.03.822; (b) injunctive relief for future response costs under CERCLA 42 U.S.C. §§9659 and 9607 and AS 46.03.822 and 46.03.765; and (c) injunctive and declaratory relief under CERCLA 42 U.S.C. §9621(e)(2) and State statute AS 46.03.765 requiring Defendants to respond to PCB and TCE contamination remaining in the environment at the Site. (Docket No. 1).

The settlement provides a covenant not to sue in return for Defendants' payment to ADEC of over five million dollars in past costs related to PCBs, agreement to payment of future costs, agreement to address the PCB contamination remaining at the Site and agreement to further investigate TCE contamination at the Site. *See* Consent Decree, Docket No. 5-1.

## II.  LEGAL STANDARD FOR ENTRY OF A SETTLEMENT

The approval of a mutually consented settlement is within the discretion of the district court. *United States v. Cannons Eng'g Corp.*, 720 F. Supp. 1027, 1035 (D. Mass. 1989), *aff'd* 899 F.2d 79 (1st Cir. 1990); *United States v. Hooker Chem. & Plastics Corp.*, 776 F.2d 410, 411 (2d Cir. 1985); *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). A court must review a proposed consent judgment to ensure that it is fair, reasonable, adequate, and consistent with applicable law. *See United States v. Union Elec. Co.*, 132 F.3d 422, 430 (8th Cir. 1997).

A settlement must further the objectives of the statute. *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1424 (6th Cir. 1991). Where a "government agency charged with protecting the public interest has pulled the laboring oar in constructing the proposed settlement, a reviewing court may appropriately accord substantial weight to the agency's expertise and public interest responsibility." *Bragg v. Robertson*, 83 F. Supp. 2d 713, 717 (S.D.W. Va. 2000).[2]

---

[2]  In *Arizona v. City of Tuscon*, 761 F.3d 1005 (9th Cir. 2014), the 9th Circuit, in dicta, indicated that settlements reached by states are not afforded the same deference as those reached by EPA. The *Arizona* case is distinguishable from the present case for two primary reasons. First, in the *Arizona* case the State set the formula for settlement and applied it to defendants. Here, the Defendants themselves negotiated their own allocation with each other. Second, in the *Arizona* case, the State was settling with *de minimus* defendants and providing contribution protection from other responsible parties. Here, all responsible parties participated in the mediation and negotiated the Consent Decree. Consequently, any concerns about the need for a more robust analysis of the fair and reasonableness of the settlement are not implicated here.

*SOA v.USA, et. al,*  Case No. 3:16-cv-00040-JWS
Affidavit of Proof of Service  Page 4 of 8

Case 3:16-cv-00040-JWS   Document 17   Filed 02/29/16   Page 4 of 8

In conducting its review, the trial court may not modify the terms of a consent judgment – it may only approve or reject the settlement as a whole. *Akzo Coatings*, 949 F.2d at 1415; *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 630 (9th Cir. 1982).

## III. THE COURT SHOULD ENTER THE PROPOSED CONSENT DECREE

The Consent Decree is fair, adequate, reasonable, and consistent with public policy and the objectives of CERCLA and the State's mini-CERCLA statute, and there is nothing to overcome the presumption in favor of settlements of this kind.

Negotiations to resolve liability and clean up the Site have been ongoing for over a decade. This Consent Decree is fair and reasonable because it was negotiated during a two day mediation by the attorneys for all of the Defendants. The settlement negotiation process was procedurally fair because the parties were represented by experienced environmental counsel. It took the parties approximately two years to finalize the settlement in the mutually acceptable proposed Consent Decree currently before the Court.

The Consent Decree is also fair and reasonable because ADEC did not apportion the liability among the settling parties but believes, based upon knowledge of the case and caselaw, that the allocation reached through mediation is based upon an estimate of how much harm each responsible party has done. *United States v. Charter Int'l Oil Co.*, 83 F.3d 510, 521 (1st Cir. 1996). Finally, this Consent Decree is fair and reasonable because it sets up a "pay as you go" process whereby the Defendants are making initial lump sum settlements and are then paying any additional costs as needed based on their liability allocation. In lump sum only settlements, there can be risk that the sums allotted will not be enough to cover the remediation costs. That is not the case here.

The Consent Decree furthers the objectives of both CERCLA and the State's mini-CERCLA statute. The Consent Decree results in the cleanup of hazardous substances, namely PCB contamination, in and around the Joe Parent School in Aniak, Alaska. It also provides funding to perform additional data sampling and analysis of the TCE contamination existing at the Site. "'CERCLA was enacted to protect and preserve public health and the environment by facilitating the expeditious and efficient cleanup of hazardous waste sites.'" *Carson Harbor Village, Ltd. V. Unocal Corp.*, 270 F.3d 863, 881 (9th Cir. 2001)(quoting *Pritkin v. Dept. of Energy*, 254 F.3d 791, 794 (9th Cir. 2001). CERCLA's secondary purpose is assuring that responsible parties pay the costs of cleanup. *Id.* Both of these purposes are met with this Consent Decree. In fulfilling these important purposes of CERCLA the settlement is in the public interest.

Accordingly, the presumption in favor of settlement has not been called into question, and the Court should enter the Consent Decree.

## CONCLUSION

The ADEC requests that the Court sign the proposed Consent Decree and enter it as final judgment in this case. *See* Consent Decree, Docket No. 5-1. No proposed order is attached because there is a signature block for the Court to execute on page 36.

DATED: February 29, 2016

                                            CRAIG W. RICHARDS
                                            ATTORNEY GENERAL

                                By:    /s/Jennifer A. Currie
                                            Jennifer A. Currie
                                            Assistant Attorney General
                                            Alaska Bar No. 0609056
                                            Department of Law
                                            1031 West Fourth Avenue, Suite 200

Anchorage, AK 99501  
Phone: (907) 269-5274  
Facsimile: (907) 278-7022  
Email: jennifer.currie@alaska.gov  
Attorney for the State of Alaska  
Department of Environmental Conservation

## CERTIFICATE OF SERVICE

I certify that on February 29, 2016, the foregoing **MOTION TO ENTER CONSENT DECREE** was served electronically through the CM/ECF system on the following counsel of record:

**Defendant United States of America:**

Kent Hanson  
Sheila Baynes  
U.S. Department of Justice  
Environmental Defense Section  
PO Box 7611  
Washington, DC 20044

**Defendant Lockheed Martin Corporation:**

Kyle Parker  
Crowell & Moring LLP  
1029 West Third Avenue, Suite 440  
Anchorage, AK 99501

**Defendant Alaska Department of Transportation and Public Facilities:**

Jeffrey P. Stark  
Chief Assistant Attorney General  
Alaska Department of Law  
1031 W. 4th Avenue, Suite 200  
Anchorage, AK 99501

**Defendants Alascom Inc. and AT&T Corp**:

Michael Scott Broadwell  
Davis Wright Tremaine LLP  
188 W Northern Lights Blvd., Suite 1100  
Anchorage, AK 99503

**Defendant Alaska Department of Education and Early Development:**

Luann B. Weyhrauch  
Assistant Attorney General  
Alaska Department of Law  
PO Box 110300  
Juneau, AK 99811-0300

**Defendant Exelis Inc.**

Steve Tervooren  
Hughes Gorski Seedorf Odsen & Tervooren, LLC  
3900 C Street, Suite 1001  
Anchorage, AK 99503

and with copies sent via regular U.S. Mail to:

**Defendant Kuspuk School District**

c/o Howard Trickey
Holland & Knight LLP
601 West Fifth Avenue, Suite 700
Anchorage, AK 99501


/s/Jennifer L. Cruz
Jennifer L. Cruz, Law Office Assistant